IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEANA HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0558-WS-M |
| | ) |
| **MENNONITE PROPERTY AID** | ) |
| **ASSOCIATION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 4). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 4, 11, 12), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

This action was filed in the Circuit Court of Escambia County on or about July 3, 2007. The defendant removed on the basis of diversity of citizenship. Because the complaint on its face demands payment of $398,500, (Doc. 1, Exhibit A at 4), the amount in controversy requirement is plainly satisfied. The plaintiff does not argue otherwise. (Doc. 4 at 3, ¶ 8).

The parties agree that the plaintiff is a citizen of Alabama and that the defendant is an unincorporated association. For complete diversity of citizenship to exist when such an entity is the defendant, no member of the association can be a citizen of the same state as the plaintiff. *E.g., Rolling Hills MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000). As the removing party, the defendant "bears the burden of establishing the citizenship of the parties." *Rolling Hills*, 374 F.3d at 1022.

To meet its burden, the defendant has submitted the affidavit of its manager, who

testifies on personal knowledge that: (1) membership in the defendant is limited to those who have paid premiums to obtain the loss coverage the defendant offers; (2) although the defendant previously offered policies in Alabama, the last such policy expired in December 2004; and (3) as of July 3, 2007, the defendant had members only in Colorado. (Doc. 11, Exhibit A).

The plaintiff counters with two substantively identical affidavits submitted by a husband and wife, who testify on personal knowledge that: (1) they are lifelong residents of Alabama; (2) they became members of the defendant before 2004; (3) they were told by the defendant's Alabama agent that the defendant would stop offering insurance at the end of 2004; (4) the agent told them the defendant might resume selling insurance in Alabama at some later date; (5) they are still hopeful this will happen; (6) the agent did not tell them their membership had terminated; and (7) no writing informed them that their membership would terminate when their insurance coverage ended.  Therefore, they conclude, they remain members of the defendant.  (Doc. 12, Exhibits 1 and 2).  The plaintiff also points to two letters written her in December 2003 that described her as a "member" of the defendant.  (Doc. 4 at 2, ¶ 4 (citing Doc. 1, Exhibit A, Exhibits 3, 4)).  Finally, she cites a letter her counsel sent the defendant, with a copy to the Alabama agent.  (Doc. 4 at 2, ¶ 5 (citing *id.*, Exhibit A)).

The defendant's evidence establishes that the defendant is a citizen only of Colorado.  The plaintiff's submitted affidavits show only that certain former members of the defendant wrongly assume they are still members because no one ever told them differently, yet even they acknowledge that the defendant stopped selling policies in Alabama in 2004 and that they have not paid premiums since then.  The letters to the plaintiff were written in 2003, when the defendant still sold policies in Alabama and so still had members here.  By informing the plaintiff that it would not renew her policy after 2004 because it "can no longer service your state," the letters do not undermine but affirmatively bolster the defendant's jurisdictional argument.  The letter from counsel is

immaterial, except perhaps in showing that the plaintiff recognizes the agent as such.

The defendant has easily met its burden of proving that the parties are of diverse citizenship.  Accordingly, the motion to remand is **denied**.

DONE and ORDERED this 10th day of September, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
